Hoff *v.* Burd et al.

### JOHN D. HOFF *vs.* MOSES BURD and others.

1. When the cause is heard upon the bill and answer, as between the complainant and the defendant who answers, all the allegations of the answer must be taken as true.

2. Where, at the time of the execution of a mortgage, for the foreclosure of which a bill has been filed, the mortgagor had no right, title, or interest whatever in the mortgaged premises, and no power or authority to execute the mortgage, but the title was in other parties, of whom the answering defendant was one, such defendant is entitled to a decree of dismissal.

3. The answer of one defendant is no evidence against a co-defendant. Much less can such answer avail a defendant, when not responsive to the charges of the bill, but designed to establish a case in his favor, not within the scope of the complainant's case.

4. An admission or allegation of fact in the answer will not avail the complainant, unless put in issue by the bill. If he desires to avail himself of such fact, he must amend his bill.

5. If an answering defendant seeks a decree to establish claims outside of any issue made by the pleadings, he must file a cross-bill.

_Mr. Bullock_, for complainant.

_Mr. G. A. Allen_, for Elijah Burd, one of the defendants.

THE CHANCELLOR.   The bill is filed to foreclose a mortgage given to the complainant on the 8th of March, 1853, by Moses Burd, one of the defendants, to secure the payment of $400.   No answer is filed by the mortgagor.   The case is brought to hearing upon the bill, and answer of Elijah Burd, a son of the mortgagor, who is made defendant as a subsequent mortgagee, and also as the owner of the equity of redemption in part of the mortgaged premises.

The answer alleges that at the time of the execution and delivery of the mortgage to the complainant, the mortgagor had no right, title, or interest in the mortgaged premises, nor any power or authority to execute the mortgage, and that the mortgage was therefore null and void.

The answer further alleges that the mortgagor derived his

title from Daniel Smith, who had a life estate only in the premises; that Smith died before the execution of the mortgage, and that upon his death the title passed by devise from his father to the children of Ann Burd, the wife of the mortgagor, and that at the execution of the mortgage the title to the premises was vested in the seven children (five sons and two daughters) of Ann Burd, as tenants in common.

The answer further states, that on the tenth of March, 1857, the five sons of Ann Burd (of whom the defendant, Elijah Burd, was one) executed to their father, Moses Burd, a release of all their title and interest therein. That on the seventeenth of May, 1858, Moses Burd executed to the defendant, his son, Elijah, a mortgage upon said premises, to secure the payment of $800. That on the fifth of June, 1858, Elijah acquired a valid title to the shares of the two daughters of Ann Burd, who had not released to their father. That on the eleventh of June, 1860, Moses Burd executed to Elisha Warford a further mortgage upon a part of the premises for $445.

The answer further alleges, that in 1861, by a decree of this court, the release executed to Moses Burd by his sons was, as to John Burd, one of the sons, declared fraudulent and void. That thereupon the defendant, Elijah, purchased the share of John for a valuable consideration, and took from his father, Moses Burd, a deed for thirty three acres, to secure the mortgage previously given by him, and also the money thus advanced for the share of John. It is presumed, though the answer does not so state, that the thirty three acres thus alleged to have been conveyed to Elijah, are a part of the premises mortgaged to the complainant.

The answer further alleges, that the release executed to the mortgagor by his five sons, so far as it affects the interest of the defendant, was obtained by the false and fraudulent representations of the father, and under a misapprehension of his rights on the part of the son, and is therefore fraudulent and void.

Upon this complicated statement of facts, the defendant, Elijah Burd, asks a decree that his undivided four-sevenths of the mortgaged premises are exempt from the operation of the complainant's mortgage, and that the thirty three acres conveyed to him by Moses Burd, the mortgagor, shall not be sold to satisfy the mortgage debt, until the interest of the mortgagor in the residue of the premises, shall be first applied and prove insufficient for that purpose.

The case is heard upon the complainant's bill, and the answer of one defendant. As between the complainant and the defendant who answers, all the allegations of the answer must be taken as true. 2 *Daniell's Ch. Pr.* 1188.

The court, therefore, must proceed upon the assumption, that at the execution and delivery of the complainant's mortgage, the mortgagor had no right, title, or interest whatever in the mortgaged premises, and no power or authority to execute the mortgage, but that the title was in other parties, of whom the answering defendant was one. This entitles the defendant to a decree of dismissal.

The defendant, however, is not content with this decree in his favor, but sets up new facts in order to establish equities in his favor against other parties. He alleges that the mortgagor, subsequently to the date of the complainant's mortgage, received a conveyance for the mortgaged premises. That as to the defendant, who was one of the grantors in that conveyance, the grant was void, though valid as to others of them, by means whereof the defendant acquired rights which he asks this court to establish. The defendant asks that the court establish his claim, upon a case made upon his own allegations, unsupported by evidence and not responsive to the charges of the bill.

The answer of one defendant is no evidence against a codefendant. 2 *Daniell's Ch. Pr.* 981. Much less can such answer avail a defendant, when not responsive to the charges of the bill, but designed to establish a case in favor of the defendant, not within the scope of the complainant's case.

An admission or allegation of fact in the answer, will not

avail the plaintiff, unless put in issue by the bill. *Gresley's Eq. Ev.* 23. The complainant's bill is silent as to any title acquired by the mortgagor, subsequent to the date of the mortgage. If the complainant had desired to avail himself of this fact as set out in the answer, he should have amended his bill.

If the answering defendant had desired to reap the benefit of the facts upon which he seeks a decree to establish his claims, he should have filed a cross-bill. As the case stands, he is asking a decree entirely outside of any issue made by the pleadings.

So far as the case is within the issue, the evidence shows that the mortgage which the complainant seeks to enforce is null and void. So far as regards the case made by the answer, it is not within the issue, and is wholly unsupported by evidence. The bill must be dismissed without prejudice to the rights of the complainant.